# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| OAKDALE MALL ASSOCIATES, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 11-0562-CV-W-FJG |
| | ) | |
| CINCINNATI INSURANCE CO., | ) | |
| Defendant. | ) | |

# ORDER

Pending before the Court are (1) Plaintiff's Motion to Remand and Suggestions in Support (Doc. No. 8); (2) Defendant's Motion to Dismiss or Alternatively to Transfer Venue (Doc. No. 2); and (3) Plaintiff's Motion for Leave to File Sur-Reply (Doc. No. 12). These motions will be considered, below.

**I.    Background**

Plaintiff Oakdale Mall Associates is a limited partnership organized under the laws of Minnesota, with its principal place of business in Minnesota. At the time period relevant to this lawsuit, plaintiff owned and operated a shopping center in the City of Oakdale, Minnesota. Defendant Cincinnati Insurance Co. is an Ohio corporation with its principal place of business in Ohio. Defendant was the insurer for plaintiff. Plaintiff asserts that the insurance policy at issue in this case was delivered to it in California, and was approved in California.

On August 4, 2009, plaintiff discovered that HVAC units in its shopping center had been damaged, and made an insurance claim for that damage. Defendant denied the claim based on a policy exclusion which excludes coverage if the property is "vacant" as defined in the policy.

On March 22, 2011, defendant Cincinnati filed a declaratory judgment action in the United States District Court, District of Minnesota. Cincinnati Insurance Company v.

Oakdale Mall Associates, Case No. 11-CV-708 PAM/JSM. In that action, Cincinnati requests an order declaring that it owes no insurance coverage to Oakdale Mall Associates for the damages sustained to its rooftop HVAC units. On April 14, 2011, plaintiff filed the current case in the Circuit Court of Jackson County, Missouri, seeking a determination as to whether the policy provided coverage for the HVAC units and whether plaintiff is entitled to its costs and attorneys' fees pursuant to Minn. Stat. § 604.18.

Plaintiff moved to dismiss the declaratory judgment action pending in the District of Minnesota. However, on June 14, 2011, plaintiff's motion to dismiss the declaratory judgment action was denied, and the District of Minnesota has retained jurisdiction over that matter. See Doc. No. 10, Ex. A (finding, in particular, that "Missouri has no connection whatever with the parties or the facts underlying this lawsuit," id. at 4).

**II.     Motion to Remand (Doc. No. 8)**

As discussed above, plaintiff filed this lawsuit in the Circuit Court of Jackson County, Missouri, on April 14, 2011. Defendant was served with plaintiff's petition for damages on May 23, 2011, and defendant removed this case on June 1, 2011. See Doc. No. 1.

Plaintiff's only challenge to the removal is an assertion that defendant's removal was untimely. Under 28 U.S.C. § 1446, the notice of removal must be filed within thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, . . . ." Plaintiff alleges that a copy of the petition was "served" on defendant on April 15, 2011, when the petition was provided to defendant's attorney as an exhibit to a motion to dismiss filed by plaintiff in the lawsuit pending in the District of Minnesota, Cincinnati Insurance Company v. Oakdale Mall Associates, Case No. 11-CV-708 PAM/JSM. Plaintiff asserts that defendant ought to have filed its notice of removal within 30 days of April 15,

2011.[1]

Defendant, in response, correctly notes that attaching a state court petition as an exhibit to a motion in another court is insufficient to trigger the 30-day time limit for removal. Instead, as the Supreme Court found twelve years ago, formal service of process is a necessary prerequisite to trigger the 30-day time period for removal. See Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350-51 (1999). In the current matter, defendant was formally served on May 23, 2011, and filed its notice of removal on June 1, 2011, well-within the 30-day time period for removal.

In plaintiff's reply, plaintiff continues to mis-construe the law, and further suggests that prior Western District of Missouri authority has not been overruled by Murphy Bros. (See Doc. No. 13, p. 3, asserting that Brown v. Mayflower Transit, Inc., 960 F.Supp. 212 (W.D. Mo. 1997), in which Judge Bartlett found that the 30-day period for filing a notice of removal began to run when defense counsel received a fax copy of a petition, remains good law.) Although Westlaw and Lexis do not flag Brown v. Mayflower Transit as being overruled by Murphy Bros., this Court recognizes that Brown has been overruled. Brown stands for the proposition that mere receipt (without formal service) triggers the 30-day removal period, whereas Murphy Bros. establishes that there must be formal service before the 30-day removal period can be triggered. Obviously, this Court cannot follow prior

---

[1] In plaintiff's reply suggestions to the pending motion to remand (Doc. No. 13), plaintiff further suggests that defendant "accepted service" when the petition was filed on ECF as an exhibit to plaintiff's motion to dismiss the parallel action pending in the District of Minnesota (see Doc. No. 8, Ex. 1), and that as defendant has not raised an issue as to improper service of process with respect to that purported ECF service, April 15, 2011 should be considered the date defendant was served. The Court finds this premise to be seriously flawed. Presumably, defendant did not raise an issue as to improper service of process because defendant was formally served with process on May 23, 2011. The Court will not construe plaintiff's ECF filing in the District of Minnesota as formal service of process on defendant in the current matter, nor will it consider defendant to have "accepted service" for failing to guess that plaintiff would assert that such a filing would constitute formal service of process.

3

rulings that reach the opposite result of the Supreme Court.²

Defendant's notice of removal was timely-filed. Plaintiff's motion to remand (Doc. No. 8) is unsupported by existing law, and, therefore, will be **DENIED.**

### III. Motion to Dismiss or Alternatively to Transfer Venue (Doc. No. 2) and Plaintiff's Motion to File Sur-Reply in Opposition (Doc. No. 12)

As an initial matter, plaintiff's motion for leave to file sur-reply (Doc. No. 12) will be **DENIED,** as the Court already possesses sufficient information to reach its decision.

Defendant moves to dismiss the current action as the lawsuit it filed in the District of Minnesota was filed first and therefore has priority over the current action. Plaintiff argues that the lawsuit pending in the District of Minnesota was filed shortly after plaintiff informed Cincinnati that it would file suit if Cincinnati did not pay the claim, in an effort to deprive Oakdale of its choice of forum. After considering the parties' arguments, the Court finds that this action should not be dismissed at this time based on the first-filed doctrine.

In the alternative, defendant moves for a transfer of this case to the United States District Court, District of Minnesota, pursuant to 28 U.S.C. § 1404(a), which provides "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." There is no dispute that the action could have been brought in the District of Minnesota, as a parallel action is already pending there. The Court, therefore, will turn to consideration of these factors: "the convenience of the parties, the convenience of the witnesses, the availability of judicial process to compel the attendance of unwilling witnesses, the governing law, the relative ease of access to sources of proof, the possibility of delay and

---

²Although Brown v. Mayflower Transit, Inc. was not flagged on Westlaw and Lexis as overruled, any lawyer reading the Supreme Court's opinion in Murphy Bros. ought to have recognized that Brown had been overruled. Plaintiff's attorneys are cautioned that their citation to law that they should have realized was overruled borders perilously close to sanctionable behavior under Rule 11.

prejudice if a transfer is granted, and practical considerations indicating where the case can be tried more expeditiously and inexpensively." Houk v. Kimberly-Clark Corp., 613 F.Supp. 923, 927 (W.D. Mo. 1985).

A consideration of these factors leads to the firm conclusion that the case must be transferred to the District of Minnesota. None of the parties are citizens of the state of Missouri. Instead, the Oakdale Mall is a Minnesota partnership with its principal place of business in Minnesota, and its partners are citizens and residents of the states of California and possibly New York and New Jersey.[3] Defendant is an Ohio corporation with its principal place of business in Ohio. Further, the loss at issue in this case occurred in Minnesota. Therefore, it appears that none of the parties and potential witnesses have any connection to Missouri that relates to this case whatsoever.[4] Accordingly, convenience of the parties and witnesses favor transfer to the District of Minnesota. The governing law appears to be Minnesota law; the only other arguably applicable law is California law, as asserted by plaintiff in its response to the pending motion to transfer. See Doc. No. 9, p. 7. In any event, Missouri law is inapplicable to this matter. There is no indication that there would be a possibility of delay or prejudice if the transfer is granted, as the District of

---

[3]Plaintiff has filed an affidavit in this action claiming that it no longer has a connection to Minnesota in that Oakdale Mall no longer owns property in the State of Minnesota or actively conducts business there. See Doc. No. 9, Ex. 1, p. 1. As discussed by defendant (see Doc. No. 3, p. 8), this statement contradicts the petition, in which plaintiff alleges its principal place of business is in Minnesota. See Doc. No. 1, Ex. 1, ¶ 1. The only connection to Missouri identified by plaintiff in this affidavit is that plaintiff claims that defendant "provides coverage to members of Oakdale Mall Associates in several location throughout the country, including the Kansas City metropolitan area." See Doc. No. 9, Ex. 1, p. 1. The Court agrees with defendant, however, that this assertion is not specific enough to provide a connection with the claims made in the current lawsuit.

[4]The only apparent connection to the Kansas City, Missouri metropolitan area, in fact, is that plaintiff's counsel practices out of Overland Park, Kansas.

Minnesota is already handling a declaratory judgment action involving the same underlying facts. Further, there is no indication that the case could be tried more expeditiously and inexpensively in Missouri.

The Court finds that all relevant factors weigh in favor of transfer, and therefore this case will be transferred to the District of Minnesota pursuant to 28 U.S.C. § 1404.

## IV. Conclusion

Therefore, for the foregoing reasons:

(1) Plaintiff's motion to remand (Doc. No. 8) will be **DENIED**;

(2) Plaintiff's motion for leave to file sur-reply (Doc. No. 12) will be **DENIED**;

(3) Defendant's motion to dismiss or alternatively to transfer (Doc. No. 2) will be **DENIED IN PART** as it relates to dismissal, and **GRANTED IN PART** as it relates to transfer of this matter to the District of Minnesota; and

(4) This case is **TRANSFERRED** to the United States District Court for the District of Minnesota for all further proceedings.

**IT IS SO ORDERED.**

**/S/ FERNANDO J. GAITAN JR.**
Fernando J. Gaitan Jr.
Dated:   07/13/11   Chief United States District Judge
Kansas City, Missouri